UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GALEN FREEMAN,                      )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )  No. 1:15-cv-0532-JMS-MJD
                                    )
INDIANA DEPARTMENT OF               )
CORRECTION, DUSHAN ZATECKY,         )
BRUCE LEMMON, DAVID BARR,           )
                                    )
         Defendants.                )

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims,
Severing Misjoined Claim and Directing Further Proceedings**

## I. Screening

Plaintiff Galen Freeman, currently an inmate at the Pendleton Correctional Facility, filed this civil action for a violation of various rights under the United States Constitution as well as federal statutes. Specifically, the plaintiff alleges the following claims: 1) a violation of his religious freedom under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because he is being denied peyote and tobacco for use as part of his religion; 2) a violation of his rights under the Fourteenth Amendment because he is unable to access the law library; 3) a violation of his rights under the Sixth Amendment as a result of the facility's allegedly inadequate e-filing system; and 4) a violation of his rights under the Eighth Amendment, the Americans with Disabilites Act and the Rehabilitation Act as a result of the inadequate mental health program at the facility.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court

dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Pro se complaints such as that filed by Mr. Freeman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). Mr. Freeman brings this complaint against the following defendants: 1) Indiana Department of Correction: 2) Superintendent Dushan Zatecky; 3) Commissioner Bruce Lemmon; and, 4) David Barr.

Mr. Freeman's claims are brought pursuant to 42 U.S.C. § 1983 and other federal statutes. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis

is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Mr. Freeman alleges violations of his rights under the First, Sixth, Eighth and Fourteenth Amendments. He seeks monetary relief and an injunction ordering the closure of the Pendleton Correctional Facility. The Court construes the principal claim in this action as a claim for a violation of Mr. Freeman's religious freemen under the First Amendment and RLUIPA.

## II. Misjoined Claims

The complaint in this action violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. That is, "unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court discerns the following improperly joined claims.

- The plaintiff's claim that that he was denied access to the law library and access to the court through alleged misuse of the e-filing system in violation of the Sixth and Fourteenth Amendments.

- The plaintiff's claim the mental health program at the Pendleton Correctional Facility is inadequate in violation of the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.

These claims must be brought in separate lawsuits. The plaintiff shall have **through August 21, 2015**, in which to notify the Court of the following: (1) whether he believes he has asserted any claim in his complaint which has not been discussed in this Entry; and, (2) whether he wishes the remaining claims identified in Part II of this Entry to be severed into separate lawsuits. He is reminded that if he wishes for the remaining claim to be severed into a new lawsuit,

that lawsuit will be subject to a separate filing fee and the screening requirement of 28 U.S.C. § 1915A(b). If he does not so notify the Court, these claim will be dismissed.

Although the plaintiff alleges Chaplain Dodd denied him use of his religious products in violation of the First Amendment and RLUIPA, he does not list Chaplain Dodd in the caption of his complaint nor in the list of defendants in his complaint.[1] The court will not assume that the plaintiff intended to name Chaplain Dodd as a defendant. If that, indeed, is his intent, he shall inform the court **no later than August 21, 2015.**

### III. Insufficient Claims

The First Amendment claims against the Indiana Department of Correction ("IDOC") **must be dismissed**. There are no specific allegations made against the IDOC. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

The First Amendment claims against Commissioner Lemmon, Superintendent Zatecky and Counselor David Barr in their official capacity for damages **must be dismissed**. The claims against Commissioner Lemmon, Superintendent Zatecky and David Barr are asserted against them in their official capacities, meaning that the First Amendment claim (in which the plaintiff seeks money damages) is in all respects other than name against the State of Indiana, and, *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official

---

[1] *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005)(to make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion). A "party" is "[o]ne by or against whom a lawsuit is brought." *See U.S. ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)) (citing Black's Law Dictionary 1154 (8th ed. 2004)).

capacity is barred by the Eleventh Amendment), hence is barred by Indiana's Eleventh Amendment immunity and not actionable insofar as any claim is asserted pursuant to 42 U.S.C. § 1983 because Indiana is not a "person" subject to suit under that statute. *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989); *Billman v. Department of Corrections,* 56 F.3d 785 (7th Cir. 1995).

Mr. Freeman seeks injunctive relief seeking an order from this Court closing the Pendleton Correctional Facility. This request for injunctive relief **is dismissed** because this Court has no jurisdiction to order the IDOC to close the Pendleton Correctional Facility.

### IV. Claims that May Proceed

Mr. Freeman alleges in his complaint that Chaplain Dobb, Superintendent Zatecky, Commissioner Lemmon, and Counselor David Barr are denying him his "requisite religious plants." [dkt. 2, at p. 3]. Mr. Freeman alleges that as a Native American he is entitled to peyote and an ounce of tobacco per day and the defendants' denial of these products violates his religious freedom under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. **The claim for injunctive relief pursuant to RLUIPA shall proceed** against Superintendent Zatecky, Commissioner Lemmon, and Counselor David Barr in their official capacity. *See Sossamon v. Texas*, 131 S.Ct. 1651 (2011) (money damages are not available in suits against states under the RLUIPA). The only relief available to Mr. Freeman if he prevails on his RLUIPA claim is for injunctive relief.

The First Amendment claim against Commissioner Lemmon, Superintendent Zatecky, and David Barr **in their individual capacities for damages may proceed**.

The First Amendment claim against Commissioner Lemmon, Superintendent Zatecky, and David Barr **in their official capacities for injunctive relief may proceed**.

## V. Summary

The case shall proceed as to the First Amendment claim against Commissioner Lemmon, Superintendent Zatecky, and Counselor David Barr in their individual capacities for damages.

The case shall proceed as to the First Amendment claim against Commissioner Lemmon, Superintendent Zatecky, and Counselor David Barr in their official capacities for injunctive relief.

This case shall proceed as to the RLUIPA claim against Commissioner Lemmon, Superintendent Zatecky and Counselor Barr. Nothing in this Entry should preclude the defendants from filing a motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants Superintendent Zatecky, Commissioner Lemmon, and Counselor David Barr in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and **this Entry**.

  IT IS SO ORDERED.

Date:   07/29/2015

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Galen Freeman, #184328
Pendleton Correctional Facility
Electronic Service Participant
Court Only

Bruce Lemmon
Commissioner-Indiana Department of Correction
302 W. Washington Street, Room E-334
Indianapolis, Indiana 46204

Superintendent Zatecky
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

Counselor David Barr
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064